**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANTHONY MAURICE BALDWIN, Estate
of the foregoing, by and through the
Administratrix, Jo Ann Baldwin,
Plaintiff-Appellant,

v.

No. 97-1104

T. P. RILEY, individually and in his
official capacity as an officer of the
Fayetteville City Police Department;
THE CITY OF FAYETTEVILLE,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CA-96-192-5-F)

Argued: January 29, 1998

Decided: March 23, 1998

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Clifford Leon Lee, II, THE LEE LAW FIRM, Fayette-
ville, North Carolina, for Appellant. Bobby Grey Deaver, Fayette-
ville, North Carolina; Carl James Milazzo, OFFICE OF THE CITY
ATTORNEY, Fayetteville, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The estate of Anthony M. Baldwin sued T.P. Riley, a police officer, and his employer, the City of Fayetteville, North Carolina, pursuant to 42 U.S.C. § 1983, claiming the unreasonable use of force in the killing of Anthony Baldwin. The killing occurred at the end of a high-speed motor vehicle chase, which commenced after Baldwin fired on a police officer following an apparent attempted bank robbery. As one of the pursuing officers, Riley chased Baldwin at speeds in excess of 100 miles per hour, during which time Baldwin gravely endangered the lives of other motorists and repeatedly fired his shotgun at Riley.

In a final effort to escape, Baldwin pulled his car into a church parking lot and emerged, shotgun in hand, to face Riley. As Riley brought his vehicle to a stop, Baldwin pointed his shotgun at Riley and moved toward Riley's vehicle. When Riley saw Baldwin turn to flee, he exited his vehicle and ordered Baldwin to "freeze." Baldwin refused, and continued his flight toward a nearby residential area. Unable to see both of Baldwin's hands, Riley reasonably believed Baldwin was still carrying his shotgun. Fearing that Baldwin posed an immediate danger to himself and the general public, Riley fired three times, striking Baldwin once in the head, killing him instantly.

We hold that the actions of Riley and his employer, the City of Fayetteville, were not unreasonable under the circumstances. The district judge so found, and we agree for the reasons stated in his opinion. See Baldwin v. Riley, No. 5:96-CV-192-F3 (E.D.N.C. Dec. 19, 1996).

That opinion is accordingly

AFFIRMED.

2